UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:24-MJ-2321 JSD |
| | ) | |
| ANJUAN QUINELL MOSBY, | ) | |
| | ) | |
| Defendant. | ) | |

<u>MOTION FOR PRETRIAL DETENTION AND HEARING</u>

Comes now the United States of America, by and through its Attorneys, Sayler A. Fleming, United States Attorney for the Eastern District of Missouri, and Ashley M. Walker, Assistant United States Attorneys for said District, and moves the Court to order the Defendant detained pending trial, and further requests that a detention hearing be held three (3) days from the date of the Defendant's initial appearance before the United States Magistrate pursuant to Title 18, United States Code, §3141, et seq.

As and for its grounds, the United States of America states as follows:

1.      The Defendant is charged with kidnapping, in violation of 18 U.S.C. § 1201(a) resulting in death, an offense for which a sentencing of death or life imprisonment is prescribed. Therefore, a rebuttable presumption in favor of detention exists.

2.      According to the St. Louis Metropolitan Police Department, on November 20, 2024, SLMPD received a call for a "Shooting – Just Occurred" near the rear of 4745 Greer Avenue, St. Louis, Missouri.  Upon arrival, victim Michelle Hampton was found suffering from several apparent gunshot wounds and declared dead.  A .40 caliber cartridge casing was recovered from the scene. Surveillance video from the area of the murder captured the shooting and depicted the victim (wearing red) walking with an unknown suspect down the alleyway.  A yellow RAM truck followed behind the victim and suspect, later identified as **MOSBY**, eventually ending up parked

a few feet away from the pair.  **MOSBY** stood next to the victim shot and killed her, entered the front passenger seat of the RAM, and fled the area in the vehicle.

3.      Investigators learned that during the kidnapping, the suspects pulled into a PNC drive-up window and had the victim attempt to withdrawal $10,000 from PNC Bank at 3526 Page Boulevard.  The staff rejected the requested amount and gave the victim $2,000 instead.

4.      Based on evidence collected during the investigation it was determined that **MOSBY** was a potential suspect in this case. After locating **MOSBY**, police attempted to conduct a traffic stop. **MOSBY,** however, he led police on a pursuit.  After a successful spike strip deployment, **MOSBY** eventually stopped his vehicle, attempted to flee on foot, and was taken into custody.  Within plain view of the officers on scene, a firearm and cellular telephone were observed inside the vehicle. After being taken into custody, **MOSBY** was provided with his *Miranda* warnings.  **MOSBY** later advised the following:

    a.  **MOSBY** fled from the police because he was a felon, had a weapon in the car that he used to protect himself while selling drugs, and that drugs were inside the vehicle.

    b.  **MOSBY** suggested a plan with co-conspirator(s) to kidnap Michelle and get her to withdrawal money from her bank accounts.  The plan was for Michelle to withdrawal money and then release her from captivity.

    c.  **MOSBY** traveled to his brother's residence and left his cellular telephone at that location to keep his phone location data from being used against him.

    d.  **MOSBY** was present for the kidnapping of Michelle at her residence, was the individual who was in the passenger seat of Michelle's vehicle and fired the gunshot around S.H.'s vehicle.

    e.  **MOSBY** was with Michelle in the RAM at each of the bank visits.

f.  In the alleyway, **MOSBY** was the individual with Michelle outside of the RAM. **MOSBY** gave Michelle a chance to run away and when she did not, he shot her.

g.  **MOSBY**'s co-conspirator(s) were supposed to burn the RAM, the firearm used in the murder, and the sweatshirt he was wearing.  **MOSBY** learned that the sweatshirt ended up in a dumpster by the RAM after the vehicle was hidden in the garage.

4.    A review of **MOSBY'**s criminal history revealed that he was previously convicted of at least fifteen state-level felony offenses, including Assault – 2nd Degree, Tampering with a Motor Vehicle, Stealing, Unlawful Possession of a firearm and Stealing of a Motor Vehicle.  He also has two prior convictions for being a felon in possession of a firearm, pursuant to 18 U.S.C. §922(g).

5.    There is a serious risk that the Defendant will flee, given the Defendant's history and the potential sentence the Defendant faces in this case.

6.    The nature and circumstances of the offense charged, reflect that there is a serious danger to the community that would be posed by the Defendant's release.  Further, there are no conditions or combination of conditions that will reasonably assure the Defendant's appearance as required.

WHEREFORE, the United States requests this Court to order the Defendant detained prior to trial, and further to order a detention hearing three (3) days from the date of the Defendant's initial appearance.

Respectfully submitted,

SAYLER A. FLEMING
United States Attorney

*/s/ Ashley M. Walker*
ASHLEY M. WALKER, #67175MO
Assistant United States Attorney