**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,        ) | |
|        ) | |
|    Plaintiff,        ) | |
|        ) | |
|    v.        ) | Case No. 4:24-CR-633-SEP-NCC |
|        ) | |
| ANJUAN Q. MOSBY and        ) | |
| EMMUANUEL SUAREZ,        ) | |
|        ) | |
|    Defendants.        ) | |

## ORDER REGARDING PRETRIAL MOTION STATUS

All pretrial matters in the above-referenced case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b).  On March 24, 2026, this matter came before the undersigned for case status hearings as to each defendant.  Defendants, their attorneys, and counsel for the Government appeared.  The parties addressed the posture of the case and the Department of Justice's ongoing capital crimes review.  For the reasons stated on the record, the Court granted defendants' motions to stay the pretrial motion deadline (ECF Nos. 140 & 145) and stated that a status hearing would be set in about ninety days.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motions to stay the pretrial motion deadline (ECF Nos. 140 & 145) are **GRANTED**.

**IT IS FURTHER ORDERED** that all pretrial motion deadlines are **STAYED**. In lieu of setting a pretrial motion deadline at this time, the Court will conduct periodic case status hearings with defendants, their attorneys, and counsel for the Government.  Status hearings will be set by separate order.

**IT IS FURTHER ORDERED** that Defendant Mosby's motion for extension of time (ECF No. 118) is **DENIED AS MOOT**.

**IT IS FINALLY ORDERED** that for the reasons set out in the defendant's motions, as previously ordered (ECF No. 42), and based upon the record, the Court finds this matter continues to be complex as directed in 18 U.S.C. § 3161(h)(7)(B)(ii). Specifically, the Court finds that the instant case is so unusual and so complex due to multiple factors, including the nature of the prosecution, and the nature and volume of discovery.  In addition, to deny the motions for additional time would deny counsel for the defendants the reasonable time necessary for effective investigation and preparation of pretrial motions, taking into account the exercise of due diligence, and that the ends of justice served by granting the parties' motions for additional time outweigh the best interest of the public and defendants to a speedy trial.  18 U.S.C. § 3161(h)(7)(A).  The Court finds the ends of justice served by the granting of the instant motion outweigh the best interests of the public and the defendants in a speedy trial.

/s/ Noelle C. Collins
HON. NOELLE C. COLLINS
UNITED STATES MAGISTRATE JUDGE

Dated this 27th day of March, 2026.

2