**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>v.<br><br>ANJUAN Q. MOSBY and<br>EMMANUEL SUAREZ,<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)   Case No. S1-4:24-CR-633-SEP-NCC<br>)<br>)<br>)<br>)<br>)<br>) |

**ORDER CONCERNING PRETRIAL MOTIONS**

All pretrial matters in the above-named cause have been referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b). On June 3, 2026, the Grand Jury returned a superseding indictment (ECF No. 157) and the Government filed a notice of intent regarding the death penalty as to each Defendant (ECF Nos. 159 & 160).

Defendants pleaded not guilty to the superseding indictment on June 29, 2026. At the arraignments, defense counsel moved for additional time to review discovery and to determine whether and/or what pretrial motions ought to be filed on behalf of the defendants. Due to the complexity of the case and the Government's notice of intent to seek the death penalty for each Defendant, the undersigned found that the parties should meet and confer and submit a joint proposed scheduling order to the Court. As such, no pretrial motion deadline or evidentiary hearing will be set at this time.

This matter is now before the Court on Defendants' joint motion to continue the deadline for submitting a scheduling order (ECF No. 187).  The motion is filed without objection from the Government.  For the reasons stated therein, the Court will grant the request and continue the

deadline by which the parties must file a joint scheduling plan from August 15, 2026, to December 14, 2026.

Accordingly.

**IT IS HEREBY ORDERED** that the Defendant's joint motion to continue the deadline for submitting a scheduling order (ECF No. 187) is **GRANTED**.

**IT IS FURTHER ORDERED** that the parties shall have until **December 14, 2026**, to submit a joint proposed scheduling order.

**IT IS FINALLY ORDERED** that pursuant to 18 U.S.C. § 3161(h)(7)(A) and (B)(iv), the time granted to defendants to investigate and prepare pretrial motions, or a waiver thereof, is excluded from computation of the time for a speedy trial.

For the reasons set out at the June 29, 2026, arraignments, as previously ordered (ECF No. 42), and based upon the record, the Court finds this matter continues to be complex as directed in 18 U.S.C. § 3161(h)(7)(B)(ii). Specifically, the Court finds that the instant case is so unusual and so complex due to multiple factors, including the nature of the prosecution, and the nature and volume of discovery. In addition, to deny the motion for additional time would deny counsel for the defendant the reasonable time necessary for effective investigation and preparation of pretrial motions, taking into account the exercise of due diligence, and that the ends of justice served by granting the parties' motion for additional time outweigh the best interest of the public and defendant to a speedy trial.  18 U.S.C. § 3161(h)(7)(A). The Court finds the ends of justice served by the granting of the instant motion outweigh the best interests of the public and the defendant in a speedy trial.

/s/ Noelle C. Collins
NOELLE C. COLLINS
UNITED STATES MAGISTRATE JUDGE

Dated this 5th day of August, 2026.

-2-